IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JONATHAN SPRADLING, et al. ) | |
| ) | |
| Plaintiffs, ) | Case No. 4:11-cv-01970-AGF |
| ) | |
| v. ) | |
| ) | |
| MATTHEW VEGOVISCH, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

COME NOW Plaintiffs, Jonathan Spradling and Terry Trout, by and through counsel, pursuant to Local Rule 7-4.01 and this Court's Order of December 20, 2011 [doc. 5], and submit this Memorandum in Opposition to Defendants' Motion to Dismiss [doc. 3].

**INTRODUCTION**

Defendants Matthew Vegovisch, Thurmond Griffin, and Ira Walker have moved the Court to dismiss this action for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Defendants argue that Plaintiffs' claims are barred by the doctrine of res judicata. Specifically, Defendants argue that the dismissal of three unidentified, fictitious "John Doe" defendants in a separate action brought by Plaintiffs against the City of Berkeley operates as an adjudication on the merits of Plaintiffs' claims against the Defendants named herein.[1] Defendants are mistaken, and their motion should be denied.

---

[1] The separate action is captioned *Spradling, et al., v. City of Berkeley, et al.*, Case No. 4:10-cv-01801-JAR (E.D. Mo.), and is still pending before the court. It is referred to throughout this Memorandum as "*Spradling v. City of Berkeley*."

1

## ARGUMENT

The dismissal of three unidentified, fictitious "John Doe" defendants in *Spradling v. City of Berkeley* did not operate as an adjudication on the merits of Plaintiffs' claims against the named Defendants in this action. For the reasons set forth below, the doctrine of res judicata does not bar litigation of Plaintiffs' claims in this action.

Plaintiffs' claims against the "John Doe" defendants in *Spradling v. City of Berkeley* were dismissed for lack of jurisdiction, because the "John Doe" defendants had not been identified or served with copies of the complaint. A dismissal for lack of jurisdiction is without prejudice and is not an adjudication on the merits. *See*, Fed. R. Civ. P. 41(b). However, the court's dismissal order, dated February 24, 2011, did not specify that it was without prejudice. This silence has prompted Defendants to argue that the dismissal was with prejudice and, thus, an adjudication on the merits. Not so.

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n. 5 (1979). In some cases, but not all, an involuntary dismissal operates as a judgment on the merits:

> Fed. R. Civ. P. 41(b) provides, generally, that unless the court "otherwise specifies" any dismissal "operates as an adjudication on the merits." The Rule also provides, however, that when a dismissal is for "for lack of jurisdiction," the effect is not an adjudication on the merits, and therefore the res judicata bar does not arise.

*Johnson v. Boyd-Richardson Co.*, 650 F.2d 147, 148 (8th Cir. 1981) (quoting Fed. R. Civ. P. 41(b)).

2

It is clear from the court's orders in *Spradling v. City of Berkeley* that the dismissal was for lack of jurisdiction and, therefore, was not an adjudication on the merits. On February 7, 2011, the court issued an order, in which it stated:

> The Court notes Plaintiffs have not identified or served Defendants John Doe One, John Doe Two, or John Doe Three. Because it does not appear that service of the Complaint has been timely made within 120 days after the filing of the Complaint on September 27, 2010,
>
> IT IS HEREBY ORDERED that, pursuant to Fed. R. Civ. P. 4(m), Plaintiffs shall show cause in writing, within fourteen (14) days of the date of this Order, why this action should not **be dismissed without prejudice** as to John Doe One, John Doe Two, and John Doe Three **for lack of timely service**.

*Spradling v. City of Berkeley*, Order of Feb. 7, 2011 (emphasis added).

Plaintiffs were unable, at that time, to identify or serve the "John Doe" defendants and, thus, could not show cause why the action should not be dismissed without prejudice as to those defendants. Accordingly, on February 24, 2011, the court entered its order dismissing the "John Doe" defendants from the lawsuit. *Spradling v. City of Berkeley*, Order of Feb. 24, 2011.

Although the court's dismissal order of February 24, 2011, did not expressly state that it was without prejudice, that fact is easily inferred from the court's prior order of February 7, 2011, in which the court stated that, absent a showing of cause, the action would be "**dismissed without prejudice** as to John Doe One, John Doe Two, and John Doe Three **for lack of timely service**." *Spradling v. Berkeley*, Order of Feb. 7, 2011 (emphasis added).

The dismissal order's silence as to its prejudicial effect is immaterial. The order was based, in whole or in part, on lack service on the "John Doe" defendants. Thus, it fell squarely within the "lack of jurisdiction" exception to Rule 41(b). The courts have held

3

that, "[i]f a John Doe defendant is not timely served, he should be dismissed as a defendant because the Court **lacks jurisdiction** over the defendant…." *Thomas v. Nicholson*, 561 F.Supp.2d 1, 4 (D.D.C. 2008) (emphasis added). *Accord United States ex rel. Lee v. People of State of Illinois*, 343 F.2d 120, 120-121 (7th Cir. 1965) (holding that district court "had **no jurisdiction**" over fictitious defendants "since they were not named and served with [a] summons and a copy of the complaint") (emphasis added). By operation of Rule 41(b), a dismissal for "lack of jurisdiction" does not operate as an adjudication on the merits. *See*, Fed. R. Civ. P. 41(b); *Johnson v. Boyd-Richardson Co.*, *supra*.

Further, to the extent the dismissal order was based, in whole or in part, on Plaintiffs' failure to identify and correctly name the "John Doe" defendants, it also fell within the "lack of jurisdiction" exception. In *Johnson v. Boyd-Richardson Co.*, *supra*, the Eighth Circuit held that "**a dismissal for failure to name the correct party is a dismissal for 'lack of jurisdiction' for purposes of Rule 41(b)**." 650 F.2d at 149 (emphasis added).

The Eighth Circuit based its holding in *Johnson* on the Supreme Court's decision in *Costello v. United States*, 365 U.S. 265 (1961). In *Costello,* the Supreme Court stated that the scope of the "lack of jurisdiction" exception to Rule 41(b) is not so narrow as to include only those "fundamental jurisdictional defects which render a judgment void and subject to collateral attack." 365 U.S. at 285. Instead, the Supreme Court stated, the exception is more properly viewed as "encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim." *Id*. The Supreme Court explained in

4

*Costello* that the purpose of Rule 41(b) was not to change the common-law principle that, a "dismissal on a ground not going to the merits was not ordinarily a bar to a subsequent action on the same claim." 365 U.S. at 285. The Court stated that:

> If the first suit was dismissed for a defect of pleadings, **or parties**, or a misconception of the form of the proceeding, or the want of jurisdiction, or was disposed of on any ground that did not go to the merits of the action, the judgment rendered will prove no bar to another suit.

365 U.S. at 286 (internal citation omitted; emphasis added).

In *Johnson*, plaintiff brought suit against "Boyd's," a corporation, alleging racial discrimination in hiring. *Id*. at 148. The summons was served on Boyd-Richardson Co., which moved to dismiss on the ground that no corporation existed by the name of "Boyd's." *Id*. The court dismissed the action, but its final dismissal order did not state expressly whether the dismissal was with or without prejudice. *Id*. Thereafter, plaintiff filed a new action, alleging substantially the same claim, and correctly identifying Boyd-Richardson Co., as the defendant. *Id*. The district court dismissed the new action on the ground of res judicata, holding that the prior dismissal was with prejudice. The Eighth Circuit reversed, holding that the prior dismissal was without prejudice and "was not a bar to appellant's second suit correctly naming Boyd-Richardson as defendant." *Id*. at 149.

The instant case is indistinguishable, in relevant respects, from *Johnson*. Here, as in *Johnson*, Plaintiffs' claims were dismissed, at least in part, for failure to identify the correct defendants.[2] Here, as in *Johnson*, the dismissal did not state whether it was with or without prejudice. Here, as in *Johnson*, Plaintiffs filed a second suit naming the correct

---

[2] In this case, unlike *Johnson*, the claims were also dismissed because no service was made on the "John Doe" defendants.

5

defendants. Thus, here as in *Johnson*, the Court should rule that the prior "dismissal for failure to name the correct part[ies] is a dismissal for '**lack of jurisdiction**' for purposes of Rule 41(b)," and thus is "not a bar" to the second suit "correctly naming" the defendants. *See Johnson*, 650 F.2d at 149 (emphasis added).

It is noteworthy that, in *Johnson*, the defendant named in the first suit— "Boyd's"—was not a legal entity. In *Johnson*, the defendant argued that, "[i]t is axiomatic that when a named defendant is not a legal entity, the court lacks jurisdiction to render a judgment against it." 650 F.2d at 149 n.1. Similarly, in this case, the "John Doe" defendants named in the first suit were not legal entities against whom the court had jurisdiction to render a judgment. "John Doe" defendants are fictitious, and the courts have held that, unless and until an amendment is permitted "to make anyone really existing a defendant in place of a Doe defendant, … Doe defendant allegations are surplusage." *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964).

It is clear that the dismissal of the "John Doe" defendants in *Spradling v. City of Berkeley* was for "lack of jurisdiction" and that the dismissal order did not, and does not, operate as an adjudication on the merits giving rise to res judicata.

The court in *Spradling v. City of Berkeley* did not reach the merits of Plaintiffs' claims against the "John Doe" defendants. The "John Doe" defendants were never identified or served with a summons or a copy of the complaint. They never entered their appearances in the action, and they were never put to the necessity of preparing a defense. The "John Doe" defendants did not have to "incur the inconvenience of preparing to meet the merits," precisely because there was "an initial bar to the Court's reaching them," namely the court's lack of jurisdiction over the defendants. *Cf. Costello*

6

*v. United States*, 365 U.S. at 286. A dismissal for lack of jurisdiction, including a dismissal for failure to comply with any "precondition requisite to the Court's going forward to determine the merits of his substantive claim," does not bar a subsequent action. *Id*. at 285.

The Defendants named in this action were never made parties to the action in *Spradling v. City of Berkeley*. Instead, they are named as Defendants in this action.[3] Plaintiffs' claims against the Defendants named herein are legally distinct from their claims against the defendants in *Spradling v. City of Berkeley*. Plaintiffs' claims against the Defendants named herein may be heard in this action, or the causes may be consolidated for trial. In any event, the Defendants in this action are not entitled to the benefit of res judicata since no final judgment on the merits has been entered in favor of or against any party in *Spradling v. City of Berkeley*, least of all the "John Doe" defendants.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss should be denied.[4]

---

[3] The Plaintiffs' initial action and this one were brought well within the five-year statute of limitations applicable to claims under 42 U.S.C. § 1983. In fact, the statute of limitations will not lapse until July 27, 2015.

[4] In addition to the arguments raised above, Plaintiff notes that Defendants' motion to dismiss presents matters outside the pleadings, namely twenty-four (24) pages of pleadings, memoranda, and orders from *Spradling v. City of Berkeley*. The Court may exclude those matters and deny the motion. However, if it does not exclude them, it should give all parties notice that it is treating the motion to dismiss as a motion for summary judgment, pursuant to Fed. R. Civ. P. 12(d). The Court should further order Defendants to comply with the requirements of Federal Rule 56 and Local Rule 7-4.01, and it should permit Plaintiffs an adequate opportunity to respond.

        Respectfully submitted this
        3rd day of January, 2012

        **THE RYALS LAW FIRM, P.C.**

By:    /s/ Stephen M. Ryals
        Stephen M. Ryals  34149MO
        The Ryals Law Firm, P.C.
        3120 Locust Street
        St. Louis, MO  63103
        Tel.: (314) 862-6262 (Telephone)
        Fax: (314) 880-2027 (Facsimile)
        Email: ryals@rblawstl.com

        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      A copy of the foregoing was electronically filed with the United States District Court for the Eastern District of Missouri and a copy of the foregoing was served upon the following individuals via the Court's electronic filing system, this 3rd day of January, 2012 to:

Bryan R. Shank
John A. Michener
Evans & Dixon, L.L.C.
515 Olive Street, Suite 1100
St. Louis, MO 63101
Email: bshank@evans-dixon.com
Email: jmichener@evans-dixon.com

*Attorneys for Defendants*

                                                      /s/ Stephen M. Ryals
                                                  Stephen M. Ryals